# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                **Plaintiff,**

      **v.**                              **Case No.**     **03-CR-195**
                                                          **05-C-0841**

RODERICK HARRIS,

                **Movant.**

# DECISION AND ORDER

On October 8, 2004, this Court, pursuant to the entry of a plea of guilty, entered judgment against Roderick Harris ("Harris") and sentenced him to 60 months imprisonment for possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Harris did not appeal his sentence. On August 9, 2005, the Court received Harris's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("the motion"), which is before the Court for Rule 4 review.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a judge must promptly examine § 2255 motions and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Sec. 2255 Proceedings for the United States District Courts, Rule 4(b).

Harris raises four grounds for relief in his motion. First, he claims that the Court, when calculating his sentence, incorrectly added enhancement points related to previous misdemeanor charges. In this same ground, Harris also states that he never admitted the facts underlying those enhancement points and they were never proven beyond a reasonable doubt to a jury. Second, Harris takes issue with the presentence investigation's treatment of his gun possession. Harris explains that he intended to turn the firearm in, but his attorney did not "challenge his possession of the firearm." Third, Harris believes his rights have been violated insofar as his requests for substance abuse treatment have been denied. Fourth, Harris claims that he was denied effective assistance of counsel because his attorney failed to raise the above points and did not file a direct appeal.

Harris's motion will not survive Rule 4 analysis. The Court addresses Harris's grounds in order: First, the Court was not required to present enhancements based on Harris's past criminal conduct to a jury. Harris entered into a plea agreement and, even if *Booker* applied (which it does not), judges may still consider prior convictions when determining sentences. *See United States v. Booker*, __ U.S. __, 125 S.Ct. 738, 756 (2005). The fact of prior convictions need not be submitted to a jury. *Id.* Though Harris takes issue with his criminal history enhancement calculations, the Sentencing Guidelines allow for the addition of points based on length of imprisonment.[1] On two prior convictions, Harris was sentenced to at least six months in a Wisconsin House of Correction. Each of these

---

[1]Harris's Presentence Investigation Report shows a criminal history score of eleven, rather than the ten that Harris claims in his motion.

convictions added two points to his criminal history score. *See* U.S. Sentencing Guidelines Manual § 4A1.1 (2004). The presentence report also added two points because Harris committed his federal offense while a violation of probation warrant was pending in Illinois. *Id*. § 4A1.1(d). The Court's calculation of Harris's criminal history score was correct.[2]

Second, as part of his plea agreement, Harris admitted to possessing a firearm. Contrary to Harris's assertion in his motion, his attorney, at sentencing, did inform the Court that Harris intended to take the gun to a police station. Harris thinks that the Court should have accepted this explanation and imposed a lighter sentence. A constitutional violation is not created simply because Harris thinks that the Court should have accepted his explanation that he intended to "turn the firearm in." (Mot. at 5.)

Third, Harris cannot obtain relief, under 28 U.S.C. § 2255, for his failure to be enrolled in a substance abuse program. Section 2255 only provides a vehicle for collaterally attacking convictions and sentences. 28 U.S.C. § 2255 ¶ 1.

Harris, for his fourth ground, claims that counsel was ineffective because he failed to raise the other three grounds discussed above and identified in Harris's motion. To establish ineffective assistance of counsel, Harris must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005).

---

[2]Harris's motion states that he "was given 2 points a piece [sic] instead of 1, in his criminal history category in regards to misdemeanor charges, which totaled to be 10 points in all." (Mot. 5.) The Court has focused, based on Harris's motion, on those past convictions for which he was assigned two points when calculating his criminal history score. Harris's motion does not contest the propriety of assigning single points for his other prior convictions.

3

The Court has already established that the other grounds in Harris's motion lack any merit. As such, counsel could not have been ineffective for failing to raise them. Likewise, counsel was not ineffective for failing to appeal Harris's conviction when Harris has failed to set forth any grounds that might have rendered his conviction reversible. Put another way, no prejudice accrued to Harris as a result of the failure to appeal.

Thus, it plainly appears from the motion, this Court's review of the record, the presentence report, and the sentencing transcript, that Harris is not entitled to relief.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Harris's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Dated at Milwaukee, Wisconsin this 30th day of November, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

4